Daniel, J.
 

 The State’s Attorney has no tee, in a case like this, at the common law; the Legislature has not given him a fee; and the judge, therefore, was right in saying that he was not entitled to one. The recognizance was returnable to July Sessions, 1841, of Henderson County Court. The defendant and his baiL were by it bouud to keep the peace only up to that time. There is no entry, or continuance on the record, of the proceedings from July Sessions, 1841, to February Sessions, 1842. The recognizance, not having been broken, was at an end by its very terms at July Term, 1841. No costs had then accrued except the constable’s fee; for which the court could not give judgment against the defendant at February Sessions, as the proceedings were then not legally before them, or, rather, the party was not then legally in court. If the recognizance had been broken before July Sessions,, it then might have been carried in at that term or at a subsequent term, a suggestion of the breach, entered of record, and a judgment
 
 nisi
 
 rendered, so as to lay a foundation for a
 
 scire facias.
 
 The debt due to the State, on a breach of such a recognizance before the term at which it is returnable into court, cannot be defeated by the magis-
 
 *267
 
 irate’s omitting to return it, as he ought to have done. The judgment must be affirmed.
 

 Per CuRiam, Judgment affirmed.